IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

KELLY POGUE,
*Individually and on Behalf of all others*
*Similarly situated*,

       Plaintiff,

      v.                                                       2:20-cv-00580-KWR-KK

CHISHOLM ENERGY OPERATING, LLC,

       Defendant.

## ORDER GRANTING MOTION TO FOR LEAVE TO FILE SURREPLY

**THIS MATTER** comes before the Court upon a Motion for Leave to File Surreply to Plaintiff Kelly Pogue's Reply in Support of Conditional Certification (**Doc. 69**), filed by Defendant Chisholm Energy Operating, LLC on July 19, 2021 (**Doc. 70**). Plaintiff filed a Motion for Condition Certification and Court Authorized Notice (**Doc. 64**), to which Defendant filed a Response (**Doc. 66**)[1] and Plaintiff filed a Reply (**Doc. 69**). Defendant contends that Plaintiff raised two new arguments for the first time on reply and requests that the Court permit Chisholm to file a surreply. Having reviewed the parties' pleadings and the applicable law, the Court finds that Defendant's motion is **WELL-TAKEN**, and therefore, is **GRANTED**.

The filing of a surreply requires leave of the court. D.N.M.LR-Civ. 7.4(b). Surreplies are "disfavored," *see Mosaic Potash Carlsbad, Inc. v. Intrepid Potash, Inc.*, No. 16-CV-0808 KG-SMV, 2020 WL 1033172, at *1 (D.N.M. Mar. 3, 2020), however, "the nonmoving party should be given an opportunity to respond to new material raised for the first time in the movant's reply."

---

[1] Defendant also filed a correction to its Response and accompanying exhibits. *See* **Doc. 87**.

*Green v. New Mexico*, 420 F.3d 1189, 1196 (10th Cir. 2005); *see also Beaird v. Seagate Tech., Inc.*, 145 F.3d 1159, 1163 (10th Cir. 1998). Material includes both new "evidence" and new "legal arguments." *Green*, 420 F.3d at 1196.

"A reply which merely responds to matters placed in issue by the response, and does not spring upon the opposing party new reasons" to grant the motion in question is entirely proper. *See, e.g.*, *Carter v. Spirit AeroSystems, Inc.*, No. 16-01350-EFM, 2019 WL 3732684, at *12 (D. Kan. Aug. 8, 2019) (internal quotations and alterations omitted). So, a reply "may properly highlight the deficiencies" in a response "without opening the door to additional pleadings." *Id.*

Here, Defendant argues that Plaintiff's Reply asserts, for the first time, that (1) Defendant Chisholm and its representatives improperly communicated with putative class members in executing certain arbitration agreements, and (2) raises questions the validity and enforceability of said arbitration agreements. *See* **Doc. 70, at 2**. Notably, however, the arbitration agreements at issue were raised for the first time by Defendant and attached as exhibits in its Response. *See* **Doc. 66**; **Doc. 66-1**. Defendant asserted that conditional certification was improper because the putative collective members agreed to arbitrate. **Doc. 66, at 5–8**. In response, Plaintiff argued that these arbitration agreements do not preclude conditional certification because Defendant engaged in *ex parte* communications and executed the agreements with collective members after the lawsuit was filed, and that any decision by the Court precluding certification because of the agreements was premature at this stage of the litigation. *See* **Doc. 69, at 1–5**. Thus, Plaintiff's Reply appears to respond to matters placed in issue by Defendant's own briefing. However, the Court finds that some of Plaintiff's factual assertions are newly raised and sufficiently serious to warrant Defendant an opportunity to respond.

Accordingly, the Court will **GRANT** Defendant's Motion for Leave to File a Surreply. Defendant has **fourteen (14) days** from the date of this order to file its surreply and any surreply shall not exceed **seven (7) pages** in length.

**IT IS SO ORDERED.**

_____
**KEA W. RIGGS
UNITED STATES DISTRICT JUDGE**