IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

KELLY POGUE, individually and on
behalf of all others similarly situated,

        Plaintiff,

v.                                         Case No. 2:20-cv-00580-KWR-KK

CHISHOLM ENERGY OPERATING, LLC,
d/b/a CEH ENERGY OPERATING, LLC,

        Defendant.

## SURREPLY IN OPPOSITION TO PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION

**I.    INTRODUCTION**

Pogue does not dispute that putative collective members entered into arbitration agreements or that those agreements met the requisite elements of a contract under applicable law. (*E.g.*, Dkt. 66-1, at 12 ¶ 10 (Texas choice-of-law); *see also Song v. 4170 & 4231 & 4271 Altoona Drive Holdings Ltd. P'ship*, 616 F. App'x 645, 648 (5th Cir. 2015) (citing offer, acceptance, meeting of the minds, consent to terms, execution and delivery, and consideration as elements of a "valid contract" under Texas law).) Instead, despite admitting that "the enforceability of the arbitration agreements [of other individuals] is not presently before the Court" (Dkt. 69, at 3), Pogue promises "to contest their validity and enforceability, if necessary, at the appropriate time" (*id.* at 2; *accord id.* at 6, 7). He also promises that such challenges will demonstrate the agreements are "improper," allegedly undermining (in part) Chisholm's opposition to conditional certification.

Pogue's promises, however, are ultimately empty. He has no standing to contest the enforceability of agreements to which he is not a party. And nothing about the agreements was

improper. Thus, s discussed below, his arguments cannot save his conditional certification effort.

## II. DISCUSSION

### A. Pogue Has No Standing to Contest Others' Arbitration Agreements.

Despite promising to raise unconscionability arguments, Pogue ignores a critical fact: "[a]s a non-party, [he] has no standing to challenge" *other individuals'* arbitration agreements. *Andrews v. Ring LLC*, No. 5:20-cv-00889-RGK-SP, 2020 WL 6253319, at *4 (C.D. Cal. Sept. 17, 2020); *accord Tan v. Grubhub, Inc.*, No. 15-CV-05128-JSC, 2016 WL 4721439, at *2 (N.D. Cal. July 2, 2016); *Conners v. Gusano's Chi. Style Pizzeria*, 779 F.3d 835, 841 (8th Cir. 2015) ("[F]ormer employees lacked standing to challenge the current employees' arbitration agreement . . . ."). That is because, just as Pogue "has no personal interest in representing putative, unnamed [FLSA] claimants,"[1] *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 78 (2013), he "has[s] no cognizable stake in the outcome of th[e arbitration] question" for any agreement to which he is not a party,[2] *In re Checking Account Overdraft Litig.*, 780 F.3d 1031, 1036 (11th Cir. 2015); *accord Conde v. Open Door Mktg., LLC*, 223 F. Supp. 3d 949, 960 (N.D. Cal. 2017) (holding plaintiffs were "not personally affected" by others' agreements and "lack[ed] the ability to challenge" them).

Thus, Pogue's claimed arguments concerning the alleged unconscionability of others' arbitration agreements are not ones that he can properly raise in this Court—now or at any future stage in this litigation.[3] Because Pogue has no personal interest in the enforcement of any other

---

[1] Although only the FLSA context is at issue in this conditional certification motion, Pogue's lack of standing is no different in the Rule 23 context. *E.g., Tan*, 2016 WL 4721439, at *6.

[2] No principle of law affords Pogue the unilateral right to raise arguments that could potentially deprive third parties of the benefits of their agreements—here, *mutual* arbitration obligations (Dkt. 66-1, at 10 ¶ 2) and, for some, negotiated provisions (*see id.* at 45, 50).

[3] To be sure, when a defendant opposes conditional certification due to arbitration agreements, the court does not "simply take an employer at its word," *Bigger v. Facebook, Inc.*, 947 F.3d 1043,

individual's arbitration agreement, his arguments should be viewed for precisely what they are: a transparent—and improper—effort to "stir[] up litigation," *In re JPMorgan*, 916 F.3d at 502, with the goal of "inflat[ing] settlement pressure," *Bigger*, 947 F.3d at 1050, by raising issues that Pogue lacks standing to pursue and this Court lacks power to resolve.[4] That effort should be rejected.

### B.   Nothing Is Improper About the Arbitration Agreements.

Even were the issue of standing not dispositive, there is nothing improper about the arbitration agreements at issue, and none of Pogue's arguments reflect a genuine dispute as to them. As an initial matter, Pogue's reply brief ignores that the agreements at issue expressly provide *Texas* law "shall control [their] validity, construction and interpretation." (*E.g.*, Dkt. 66-1, at 12 ¶ 10.) And the application of Texas law reveals two fundamental flaws in Pogue's

---

1050 (7th Cir. 2020), and the defendant "must show that the agreement meets all of the requisite contract elements," *In re JPMorgan Chase & Co.*, 916 F.3d 494, 502 (5th Cir. 2019). A plaintiff may then raise a "genuine dispute" as to the sufficiency of the showing. *Id.* at 502. Thus, the party seeking enforcement has the same burden that it would have on a motion to compel arbitration. *Trujillo v. Volt Mgmt. Corp.*, 846 F. App'x 233, 235–236 (5th Cir. 2021) (moving party bears the burden of establishing contract elements). "The burden of proving unconscionability," however, "rests on the party seeking to invalidate the agreement." *Carter v. Countrywide Credit Indus.*, 362 F.3d 294, 301 (5th Cir. 2004). Contrary to Pogue's suggestion, nothing in *Bigger* or *JPMorgan* shifts the burdens relating to arbitration. *See, e.g.*, *Roche v. Triple Crown Consulting, LLC*, No. A-14-cv-088 LY, 2014 WL 12884721, at *2 (W.D. Tex. Apr. 23, 2014) (noting the burden of proving unconscionability is on the party seeking to avoid arbitration "*after* the party seeking to compel arbitration establishes that a valid arbitration agreement exists"), *adopted by* 2014 WL 12885047 (W.D. Tex. May 12, 2014). While Pogue may have the power to contest whether Chisholm met its *burden* in opposing conditional certification, he lacks standing—an Article III requirement that cannot be superseded—to raise affirmative defenses to the third-parties' *agreements* themselves.

[4] In suggesting that arbitration should not be addressed at conditional certification, Pogue quotes a portion of *Brayman v. KeyPoint Gov't Sols., Inc.*, No. 18-cv-0550-WJN-NRN, 2019 WL 3714773 (D. Colo. Nov. 1, 2018), that was *overturned* in that very order. (Dkt. 69, at 8.) *Brayman* instead held "[i]t would **not** be appropriate . . . to inform persons subject to the arbitration agreement that they have a right to join a collective action." 2018 WL 5776373, at *8. He also cites *Beattie v. TTEC Healthcare Sols., Inc.*, No. 1:18-cv-03098-RM-NRN, 2019 WL 4242664 (D. Colo. Sept 6, 2019), to argue that the "mere allegation" tan agreement exists is insufficient. (Dkt. 69, at 7.) But Chisholm has filed the agreements, and thus does not rely on mere allegations.

argument that the agreements are unconscionable and, thus, unenforceable.

***First***, under Texas law, "there must be **both** procedural and substantive unconscionability to set aside an arbitration agreement." *Predmore v. Nick's Mgmt., Inc.*, No. 3:20-cv-00513-X, 2021 WL 409736, at *5 n.41 (N.D. Tex. Feb. 4, 2021) (emphasis added); *accord Arkwright-Bos. Manufacturers Mut. Ins. Co.*, 844 F.2d 1174, 1184 (5th Cir. 1988). "[P]rocedural unconscionability refers to the circumstances surrounding adoption of the arbitration provision." *In re Palm Harbor Homes, Inc.*, 195 S.W.3d 672, 677 (Tex. 2006). Substantive unconscionability, on the other hand, "refers to the fairness of the arbitration provision itself," *id.*, and more specifically "to whether the arbitration provision ensures the preservation of the substantive rights and remedies of a litigant," *In re Odyssey Healthcare, Inc.*, 310 S.W.3d 419, 422 (Tex. 2010).

Pogue addressed only *procedural* unconscionability. (Dkt. 69, at 3–4.) He was silent on *substantive* unconscionability. That is unsurprising, given that the agreements did not compromise rights and remedies in any respect, and instead merely set the forum in which the signatories could pursue them. (*E.g.*, Dkt. 66-1, at 10 ¶ 2; *In re Palm Harbor*, 195 S.W.3d at 678 ("There is nothing inherently unconscionable about arbitration agreements . . . .").) Pogue's failure to address substantive unconscionability precludes any *genuine* dispute concerning enforceability.[5]

***Second***, even as to procedural unconscionability, Texas law sets a high bar Pogue fell well short of clearing. *See Miller v. CitiGroup Credit Servs.*, No. 4:19-cv-01550, 2019 WL 6312586, at *2 (S.D. Tex. Nov. 8, 2019) (indicating an unconscionable contract is "one that no man in his senses and not under delusion would make"), *adopted by* 2019 WL 6311049 (S.D. Tex. Nov. 25,

---

[5] As discussed previously, *JPMorgan* and *Bigger* do not establish that a named plaintiff can raise unconscionability arguments on behalf of others. (*See supra* n.3.) But even to the extent those cases permitted challenges, they do so only for "genuine disputes." *JPMorgan*, 916 F.3d at 502. T

2019). In fact, "[t]he only cases under Texas law in which an agreement was found procedurally unconscionable involve situations in which a party was literally incapable of understanding the agreement." *Micheletti v. Uber Techs., Inc.*, 213 F. Supp. 3d 839, 848 (W.D. Tex. 2016).

Against that backdrop, Pogue's speculative arguments on procedural unconscionability are inadequate. For example, he argues coercion is "inherent" in gathering agreements from alleged "employees," but ignores that that, under Texas law, "an arbitration provision is not procedurally unconscionable simply because an employer made it a part of a 'take it or leave it' offer to at-will employees."[6] *Perez v. Lemarroy*, 592 F. Supp. 2d 924, 934 (S.D. Tex. 2008).

To the extent Pogue implies—absent any good-faith basis—that Chisholm's counsel may have communicated with putative collective members, he is unequivocally wrong. Similarly, to the extent he suggests something is inherently improper about communications with *potential* opt-ins after litigation commences, he is wrong. *See, e.g.*, *Green v. Plantation of La., LLC*, No. 10-0364, 2012 WL 4829328, at *3–5 (W.D. La. Sept. 17, 2012) (holding that, because agreements were signed "prior to a decision on the conditional certification question," individuals could "properly be approached by their employer"), *adopted by* 2012 U.S. Dist. LEXIS 146168 (W.D. La. Oct. 10, 2012); *Cohn v. Ritz Transp., Inc.*, No. 2:11-cv-1832 JSM NJK, 2014 WL 1577295, at *16–17 (D. Nev. Apr. 17, 2014) (holding post-complaint agreements were not void); *Stevenson v. Great Am. Dream, Inc.*, No. 1:12-cv-3359, 2014 WL 3519184, at *1–3 (N.D. Ga. July 15, 2014) (enforcing an agreement signed after an FLSA action was filed, noting "[i]t is . . . unclear why, for the unconscionability analysis, it makes any difference when the collective action was initiated").

---

[6] Even the decision Pogue cites, which does not apply Texas law, provides that "the mere existence of [an employment] relationship alone is not enough." *Valencia*, 2020 WL 4606552, at *5. Pogue also cited no basis for his erroneous assumption that all individuals were currently working.

These cases and others[7] are at odds with Pogue's argument.[8]

"The law concerning pre-notice communications in FLSA collective actions can be summarized as follows: limitations are not imposed unless misleading or factually inaccurate information is provided, or information is intended to coerce potential class members to opt in." *Shaw v. InterThinx, Inc.*, No. 13-cv-01229 REB-BNB, 2014 WL 12741157, at *2 (D. Colo. Feb. 7, 2014). In his speculative arguments, however, Pogue presented no evidence that any potential opt-in was "in fact, misled." *Id.* at *3. Moreover, far from being misleading, "the agreements themselves clearly state that signatories were precluded from participating in class actions and in litigating claims in court," *Levine v. Vitamin Cottage Natural Food Markets, Inc.*, No. 20-cv-00261-STV, 2021 WL 4439800, at *22 (D. Colo. Sept. 27, 2021), with explicit reference to claims concerning "payment" and "hours of work." (*E.g.*, Dkt. 66-1, at 10–11 ¶¶ 3–5; *accord Stevenson*, 2014 WL 3519184, at *3 ("Even if [plaintiff] was unaware of this litigation when she signed the arbitration agreement, she does not deny that the text of the arbitration agreement made it clear to her that she could not participate in an FLSA collective action suit, pre-existing or not.").)

Regardless, a court may invalidate an agreement only when state law permits. *Green*, 2012 WL 4829328, at *5. And Texas law does not so permit on any ground advanced by Pogue.[9] *Wiatrek v. Flowers Foods, Inc.*, No. SA-17-CA-772-XR, 2018 WL 3040583, at *3 (W.D. Tex. June 16, 2018) ("Allegations of misrepresentations and pressure to sign an arbitration agreement quickly

---

[7] *See Brown v. Mustang Sally's Spirits & Grill*, 2012 WL 4764584, at *2 (W.D.N.Y. Oct. 5, 2012); *Morgan v. El Dorado Home Care Servs*, 2016 WL 11477353, at *3 (W.D. Ark. Nov. 16, 2016); *Jones v. Nat'l Council of YMCA*, 2011 WL 1312162, at *5–7 (N.D. Ill. Mar. 31, 2011).
[8] Equally inconsistent is Pogue's own prior conduct. When deposed, Pogue admitted that he communicated with Darrell Kepner and referred him to his attorneys before Kepner opted in.
[9] Several individuals, in fact, changed terms in their agreements. (Dkt. 66-1, at 45, 50.)

are insufficient to demonstrate procedural unconscionability."); *Carter*, 362 F.3d at 301 (noting the argument that procedural unconscionability was present when a company "used its superior bargaining position to coerce potential employees" had "no support in Texas law"). Pogue's arguments thus fail on both unconscionability prongs.

### III. CONCLUSION

For the foregoing reasons, along with those set forth in Chisholm's response brief, Plaintiff's motion for conditional certification of an FLSA collective action should be denied.

Respectfully submitted this 3rd day of November 2021,

| RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A. | SEYFARTH SHAW LLP |
|---|---|
| Jeffrey L. Lowry<br>Post Office Box 1888<br>Albuquerque, New Mexico  87103<br>Telephone:  (505) 765-5900<br>Facsimile:  (505) 768-7395<br>jlowry@rodey.com | By  */s/ Andrew M. McKinley*<br>Annette A. Idalski<br>Texas Bar No. 00793235 (pro hac vice)<br>Andrew M. McKinley<br>Georgia Bar No. 832034 (pro hac vice)<br>Raed "Ray" Abilmouna<br>Texas Bar No. 24080676 (pro hac vice)<br>1075 Peachtree Street, NE - Suite 2500<br>Atlanta, Georgia  30309-3958<br>Telephone:  (404) 885-1500<br>Telecopier:  (404) 892-7056<br>aidalski@seyfarth.com<br>amckinley@seyfarth.com<br>rabilmouna@seyfarth.com |

*Attorneys for Defendant*

### CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of November, 2021, I filed the foregoing pleading electronically through the CM/ECF system, which caused all parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

By  */s/ Andrew M. McKinley*
        Andrew M. McKinley