IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

KELLY POGUE, Individually and on
Behalf of All Others Similarly Situated,

        Plaintiff,

v.                                              Case No. 2:20-CV-00580-CG-KK

CHISHOLM ENERGY OPERATING, LLC,

        Defendant.

## POGUE'S REPLY IN SUPPORT OF HIS MOTION TO COMPEL DISCOVERY RESPONSES

**1.     INTRODUCTION.**

Chisholm is withholding information and documents relating to putative collective and class members it claims are "*barred from participating in this action.*" Doc. 91 at 5 (emphasis added). In doing so, it has **unilaterally** decided certain putative plaintiffs are compelled to arbitrate their claims. It skips the inconvenient steps where those plaintiffs opt into the collective (or become part of the class action), it moves to compel arbitration, both sides brief the issues and the Court either compels arbitration **or not**. Arbitrability is not Chisholm's decision to make. And in doing so, it is preventing Pogue from "mak[ing] a fuller showing at the conditional certification state." *Whitehorn v. Wolfgang's Steakhouse, Inc.*, No. 09 CIV. 1148 (LBS), 2010 WL 2362981, at *2 (S.D.N.Y. June 14, 2010).

More disturbing is the fact that Chisholm obtained the arbitrations agreements from putative plaintiffs *after* this collection action was filed. Parties are not allowed to "engage[ ] in coercive and otherwise improper communications with potential members of the class and collective that [ ] interfere [with] and taint[ ] the Court's management of this action." *Valencia v. Armada Skilled Home Care of New Mexico, LLC,* 2020 WL 4606552, at *2 (D.N.M. July 23, 2020), *report and recommendation*

*adopted,* 2020 WL 4597023 (D.N.M. Aug. 11, 2020). "[C]ommunications that coerce prospective class members into excluding themselves from the litigation…" may "warrant[ ] court intervention" *Id.* at 5. But Chisholm is not only withholding substantive responses because of the improper arbitration agreements, it is also refusing to produce documents that could prove its actions were not inappropriate.

In addition to the arbitration-related issues, many of Chisholm's other objections have not been adequately addressed in its original response or supplementation. For the following reasons, Pogue requests the Court overrule Chisholm's objections and order it to fully respond to Pogue's discovery requests.

**2.      Chisholm's Boilerplate Objections Do Not Comply with the Federal Rules of Evidence and Should be Overruled.**

Chisholm makes boilerplate objections to nearly all Pogue's discovery requests: "overly broad, disproportional to the needs of the case, and calling for documents that are neither relevant nor reasonably likely to lead to the discovery of admissible evidence under Fed. R. Civ. Pro. 26(b)(1)." Docs. 91-1 and 91-2. Sometimes it even repeats the boilerplate objections within the same response. Doc. 91-1 at 15 (Chisholm's answer to Interrogatory No. 7). Chisholm's boilerplate objections should be overruled. "Boilerplate, generalized objections are inadequate and tantamount to not making any objection at all." *Heuskin v. D&E Transp., LLC,* 2020 WL 1450575, at *2 (D.N.M. Mar. 25, 2020) (citing *Steed v. EverHome Mortg. Co.*, 308 F. App'x 364, 371 (11th Cir. 2009) (unpublished) ("[B]oilerplate objections may border on a frivolous response to discovery requests.") (other internal citations omitted). "A party opposing a discovery request cannot make conclusory allegations that a request is irrelevant, immaterial, unduly burdensome, or overly broad. Instead, the party, resisting discovery must show specifically how each discovery request is irrelevant, immaterial, unduly burdensome or overly broad." *Id.* (internal citations omitted).

To the extent Chisolm argues these boilerplate objections are limited to its refusal to respond with information or documents relating to any putative class member it contends is barred from joining this suit due to an arbitration, it has failed to adequately limit its boilerplate objections to the issue of arbitration. Pogue is left wondering what information and documents have been withheld. Chisholm should be ordered to more fully respond as to what information and documents are being withheld. Additionally, the issue of the arbitration agreements is more fully addressed in the next section, and should the Court overrule Chisholm's arbitration-agreement-related objection, it should also overrule all of Chisholm's boilerplate objections.

**3. Chisholm Should Be Ordered to Produce Documents Relating to All Putative Plaintiffs—Even Those with Arbitration Agreements**

Chisholm originally refused to produce any information or documents relating to putative collective and class members. Doc. 85 at 2 (specifically identifying requests implicated). However, after Pogue filed his Motion to Compel Discovery, it supplemented with answers and documents responsive to putative collective and class members who do not have arbitration agreements.[1] Doc. 91 at 7-8. Chisholm continues to withhold answers and documents for certain putative collective and class members because it has unilaterally decided the arbitration agreements bar those individuals from joining this suit. Doc. 91 at 5 ("based on the fact those requests sough information on putative collective and class members barred from participating in this action by virtue of arbitration agreements and/or class/collective action waivers.").

Chisholm's hypocrisy knows no bounds. It argues Pogue has no standing to challenge the enforceability of the arbitration agreements. (Doc. 91 at 5). But ignores its offensive use of the

---

[1] Interestingly, in its Response to Pogue's Motion for Conditional Certification, Chisholm claimed "[w]ith the except of Plaintiff Pogue, opt-in Plaintiff Kepner and two others, all consultants are subject to binding arbitration agreements preventing them from joining this collection action." Doc. 66 at 4. Chisholm admits that is incorrect and has supplemented discovery for "14 other completions or drilling consultants for whom Chisholm is presently unaware of an arbitration agreement." Doc. 91 at 7-8.

- 3 -

arbitration agreements to resist discovery. Having supplemented its answers and responses as to the putative plaintiffs who do not have arbitration agreements, it is clear (and directly stated by Chisholm) the only basis for withholding discovery as to "arbitration agreement" putative plaintiffs is the existence of the arbitration agreements. So, the Court need not look at any other objections made by Chisholm in this analysis. And Pogue asks nothing more and nothing less than Chisholm be ordered to answer interrogatories and produce documents for the "arbitration agreement" putative plaintiffs in the same way it answered and produced as to the non-arbitration agreement putative plaintiffs.

Chisholm argues the Court should limit discovery due to the mere existence of the arbitration agreements. Doc. 91 at 5. It should not. The discovery sought by Pogue is "limited to issues relevant to conditional certification [and] Rule 23 class certification" as ordered by the Court. Doc. 60 at 1. Chisholm makes no argument or showing Pogue's discovery requests exceed this limitation. Doc. 91 at 5-8. Instead, it takes the position that **no discovery** is appropriate for "arbitration agreement" putative plaintiffs. "No discovery" would be overly restrictive and frustrate the purpose of Phase I (pre-certification) discovery.

Pre-certification discovery of potential collective or class members is necessary to "enable Plaintiff[s] to make a fuller showing at the conditional certification state, or reveal that the collective action is not suitable for certification." *Whitehorn*, 2010 WL 2362981, at *2. Since filing its motion for conditional certification (and only after Pogue filed his Motion to Compel Discovery), Chisholm produced **an additional 10,227 pages** of documents it had been withholding—in large part relating to non-arbitration agreement putative plaintiffs. In the same way, Pogue is entitled to production of answers and documents from the "arbitration agreement" putative plaintiffs. While not necessary under Pogue's lenient standard, had those 10,227 pages of documents been produced earlier, Pogue could have made "a fuller showing" in his motion for conditional certification. Even though Pogue has already moved for conditional certification of FLSA claims, he still must decide to move for Rule

23 class certification of his NMMWA claims. And Pogue needs complete responses from Chisholm to make a full showing in favor of Rule 23 class certification.

Case law relied upon by Chisholm is distinguishable. It cites *Gutierrez v. Wells Fargo Bank*, saying discovery should be limited "in order to avoid significant expenditures if it turns out that the arbitration provision governs." Doc. 91 at 5 (citing *Gutierrez v. Wells Fargo Bank, NA*, 889 F.3d 1230, 1236 (11th Cir. 2018)). *Gutierrez* was an appeal "from **five class actions** brought by **bank customers** [ ] alleging that their banks unlawfully charged them overdraft fees." *Gutierrez*, 889 F.3d at 1233 (emphasis added). Five class actions potentially involving every Wells Fargo Bank customer is indisputably more extensive than this case. *See Gutierrez*, 889 F.3d at 1237 n.8 ("This is especially true in a class action like this one, which could involve innumerable plaintiffs and extensive discovery."). In contrast, Chisholm has already identified the *finite* number of "arbitration agreement" putative plaintiffs. And it has already proven it can quickly identify and produce responsive documents.

Chisholm baselessly concludes Pogue's intent is to proactively seek to invalidate the arbitration agreements. Doc. 91 at 5. But it puts the cart before the horse. Pogue is entitled to pre-certification discovery to make a full showing at the conditional certification (or Rule 23 class certification) phase. Upon conditional certification, all putative plaintiffs will receive notice as authorized by the Court. If an "arbitration agreement" putative plaintiff files a consent to join, Chisholm may—at that time—move to compel that plaintiff to arbitrate. If Chisholm so moves, that plaintiff may choose to respond that the arbitration agreement is not valid. Chisholm's attempt to unilaterally decide the arbitration agreements are valid, before a putative plaintiff has joined and before the issues are briefed for the Court, is premature and inappropriate. *See Andrews v. Ring LLC,* 2020 WL 6253319, at *4 (C.D. Cal. Sept. 17, 2020) ("Indeed, any declaration by this Court regarding the enforceability of the arbitration agreement would constitute an impermissible advisory opinion.").

For these reasons, Pogue requests the Court overrule Chisholm's objections relating to arbitration agreements and order it to answer interrogatories and produce documents for the "arbitration agreement" putative plaintiffs in the same way it has answered and produced as to the non-arbitration agreement putative plaintiffs.

**4.  Chisholm's Response Contain Specific Deficiencies.**

**a.  Communications with Potential Class Members (Rog. 6, 18, 20; RFP Nos. 16).**

Chisholm does not dispute it had putative plaintiffs sign arbitration agreements after this collective action was filed. Chisholm is offensively using the arbitration agreements to avoid discovery and prevent putative plaintiffs from joining. On its face, the blitz use of arbitration agreements obtained by a defendant after a collective action complaint is filed is inappropriate.

"[C]ourts have the authority to govern the conduct of counsel and parties in § 216 collection actions [and Rule 23 class actions]." *Valencia,* 2020 WL 4606552, at *5 (citing *Hoffmann-La Roche Inc. v. Sperling,* 493 U.S. 165, 171 (1989); *Gulf Oil Co. v. Bernard,* 452 U.S. 89, 100 (1981) (Federal Rule of Civil Procedure 23(d) grants courts "broad authority to exercise control over a class action and to enter appropriate orders governing the conduct of counsel and parties" when necessary to prevent abuse of the class action mechanism.); Manual for Complex Litigation (Fourth) § 21.12, at 247 (2004) ("Rule 23(d) authorizes the court to regulate communications with potential class members, even before certification.")). "This includes the authority to limit or otherwise monitor communications between the parties and the potential class members." *Valencia,* 2020 WL 4606552 at 5.

Despite appearances, Chisholm maintains it did nothing wrong by requiring putative plaintiffs to sign arbitration agreements. But it refuses to produce the documents that could show its actions were not inappropriate. In *Valencia*, the plaintiff alleged the defendant "engaged in coercive and otherwise improper communications with potential members of the class and collective that have

interfered and tainted the Court's management of this action." *Id.* at 2. "In evaluating whether a defendant's communications to potential class members are 'confusing and misleading,' courts 'must examine the context in which the communications were made and the effect of the communications.'" *Id.* at 5 (citing *Stransky v. Healthone of Denver, Inc.*, 929 F. Supp. 2d 1100, 1109 (D. Colo. 2013)). "Examples of abusive communications warranting court intervention include… **communications that coerce prospective class members into excluding themselves from the litigation**…" *Id.* (emphasis added). Chisholm is actively using the arbitration agreements—obtained after this case was filed—to exclude prospective class member from this litigation.

Pogue has a right—and a duty to prospective class members—to obtain discovery of communications that will show Chisholm's actions "interfered and tainted the Court's management of this action." For these reasons, Pogue requests the Court overrule Chisholm's objects to its discovery requests relating to communications with potential class members (Rogs. 6, 18, 20; and RFP Nos. 16), and order Chisholm to respond fully and completely.

      **b.**      **Chisholm's Good Faith Defense (Rog. 7; RFP No. 20).**

Pogue requested Chisholm's objections be overruled and it be ordered to fully respond to discovery requests relating to its good faith defense. Chisolm responded that it has fully complied (through supplementation) and Pogue's motion is moot as to its good faith defense. Chisholm's supplemental response to RFP No. 20 is inadequate. Pogue requested Chisholm produce "all DOCUMENTS supporting CHISHOLM's contention that any violation of the FLSA was undertaken in good faith." Doc. 91-2 at 29. Chisholm did not remove any objections. Instead, it the scope of its response and "stat[ed] that it **will produce responsive documents**." Doc. 91-2 at 29 (emphasis added). Perhaps—in its 10,227 pages of supplemental discovery—Chisholm produced something it intends to use in its good faith defense. But Pogue cannot possibly find that needle in the haystack. Chisholm's supplemental answer to Interrogatory No. 7 was adequate because it admitted it did

nothing to ensure compliance with wage and hour laws. Doc. 91-1 at 20-21. But it then, in response to RFP No. 20 Chisholm says, "it will produce responsive documents." Doc. 91-2 at 30. These responses are inconsistent. And Chisholm further confuses the matter by claiming to have produced responsive documents somewhere in the 10,227 pages of supplemental documents produced. Pogue requests the Court order Chisholm to identify the specific documents, if any—by bates number—responsive to RFP No. 20. And if no such documents exist, ordering Chisholm to amend its response accordingly.

### c. Economic Realities and Classification (Rogs. 8, 9, 10, 15; RFP Nos. 17, 26, 27, 28, 29, 30, 31, 33, 34).

As to RFP Nos. 26-31, 33, 34 and Interrogatory Nos. 8 and 9, Chisholm says it has fully responded except as to "arbitration agreement" putative plaintiffs. For the reasons stated in Section 3, above, Pogue requests the Court order Chisholm to fully respond even as to "arbitration agreement" putative plaintiffs.

### d. Exemptions and Salary Basis (Rogs 11, 17; RFP No. 23).

Pogue requested Chisholm's objections be overruled and it be ordered to fully respond to discovery requests relating to how it will meet the salary basis test. Chisolm responded that it has fully complied (through supplementation) and Pogue's motion is moot as to the salary basis test. Chisholm's supplemental response to RFP No. 23 is inadequate. Pogue requested Chisholm produce "any DOCUMENTS that CHISHOLM contends support the contention that any PLAINTIFF and/or PUTATIVE and NEW MEXICO CLASS MEMBER was paid on a 'salary basis.'" Doc. 91-2 at 33. Chisholm did not remove any objections. Instead, it limited the scope of its response and "stat[ed] that it will produce responsive documents, if any." Doc. 91-2 at 33. Perhaps—in its 10,227 pages of supplemental discovery—it did produce something that it intends to use to satisfy the salary basis test. Or perhaps it didn't (since it said "if any"). But Pogue should not have to guess or find the needle in the haystack. Chisholm's supplemental answer to Interrogatory Nos. 11 and 17 were

adequate because they admitted it has no knowledge of any basis it met the salary basis test. Doc. 91-1 at 26 and 33. But Chisholm then, in response to RFP No. 23 says, "it will produce responsive documents, if any." Doc. 91-2 at 33. Chisholm's responses are equivocal and inconsistent. Accordingly, Pogue requests the Court order Chisholm to unequivocally state whether it has any documents responsive to RFP No. 23 and, if so, specifically—by bates number—identify the documents.

**5. CONCLUSION**

For these reasons, the Court should grant Plaintiff's Motion to Compel.

Respectfully submitted,

**JOSEPHSON DUNLAP, LLP**

By: */s/ Richard M. Schreiber*
**Michael A. Josephson**
Texas State Bar No. 24014780
**Andrew W. Dunlap**
Texas State Bar No. 24078444
**Richard M. Schreiber**
Texas State Bar No. 24056278
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile
mjosephson@mybackwages.com
adunlap@mybackwages.com
rschreiber@mybackwages.com

**AND**

**Richard J. (Rex) Burch**
Texas Bar No. 24001807
**BRUCKNER BURCH PLLC**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com

## CERTIFICATE OF SERVICE

      I hereby certify that the foregoing document was served by ECF electronic filing on all known parties on this the 10th day of November 2021.

                                        */s/ Richard M. Schreiber*
                                        Richard M. Schreiber